Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
H. Scott Leviant (SBN 200834)
  scott@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiffs,
JAMES S. EVANS and KEINEISHA SMITH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. EVANS and KEINEISHA SMITH, on behalf of themselves, all others similarly situated,<br><br>   *Plaintiffs*,<br><br>  vs.<br><br>WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>   *Defendants*. | Case No. 2:17-cv-7641-RGK-GJS<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198);<br>2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7, and 1198);<br>3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198);<br>4. Failure to Pay Vacation and/or Holiday Pay (Lab. Code § 227.3);<br>5. Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a));<br>6. Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203);<br>7. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*)<br>8. Civil Penalties (Lab. Code §§ 2698, *et seq.*)<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs JAMES S. EVANS and KEINEISHA SMITH (referred to as "Plaintiffs"), on behalf of themselves, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiffs bring this class action against defendant WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code. As set forth below, Plaintiffs allege that Defendants:

    (a)    failed to provide them and all other similarly situated individuals with meal periods;

    (b)    failed to provide them with rest periods;

    (c)    failed to pay premium wages for unprovided meal and/or rest periods;

    (d)    failed to pay them for all accrued vacation time, including holiday pay;

    (e)    failed to provide premium wages for unprovided meal and/or rest periods at the regular rate of pay;

    (f)    failed to pay overtime and double time wages at the correct rate by failing to include all applicable remuneration in calculating the regular rate of pay;

    (g)    failed to provide them with accurate written wage statements;

    (h)    failed to timely pay them all of their final wages following separation of employment.

Based on these alleged violations, Plaintiffs now bring this class action to recover unpaid wages, restitution, and related relief on behalf of themselves, all others similarly situated.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction to hear this case because Plaintiffs are informed and believes, and based thereon alleges, that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court.

3.      Venue is proper in Los Angeles County pursuant to Code of Civil Procedure

sections 395(a) and 395.5 in that liability arose in Los Angeles County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

## PARTIES

4.    Plaintiff JAMES S. EVANS ("EVANS") is, and at all relevant times mentioned herein, an individual residing in the State of California.

5.    Plaintiff KEINEISHA SMITH ("SMITH") is, and at all relevant times mentioned herein, an individual residing in the State of California.

6.    Plaintiffs are informed and believe, and thereupon allege that Defendant WAL-MART STORES, INC. is, and at all relevant times mentioned herein, a Delaware corporation doing business in the State of California.

7.    Plaintiffs are ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 50, inclusive, but is informed and believe that said defendants are legally responsible for the conduct alleged herein and therefore sue these defendants by such fictitious names.  Plaintiffs will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

8.    Plaintiffs are informed and believe that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to each of the other defendants.

## CLASS ALLEGATIONS

9.    This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiffs are unaware of any difficulties likely to be encountered in managing this case as a class action.

10.    **Relevant Time Period**: The relevant time period is defined as the time period

*Evans v. Wal-Mart Stores, Inc.*                                    First Amended Class Action Complaint

beginning four years prior to the filing of this action until judgment is entered.

11.     The class and sub-class members are defined as follows:

**Wal-Mart Class**:  All persons employed by Defendants and/or any staffing agencies and/or any other third parties who worked in hourly or non-exempt positions in California during the **Relevant Time Period**.

**Wal-Mart CAP Sub-Class**:  All **Wal-Mart Class** members who worked in a Customer Availability Process (CAP) role or with similar job duties.

**Wal-Mart Meal Period Sub-Class**: All **Wal-Mart Class** members who worked a shift in excess of five hours during the **Relevant Time Period**.

**Wal-Mart Rest Period Sub-Class:** All **Wal-Mart Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

**Wal-Mart Wage Statement Penalties Sub-Class**:  All  **Wal-Mart Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Wal-Mart Waiting Time Penalties Sub-Class**:  All  **Wal-Mart Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**Wal-Mart Vacation Pay Class**: All persons employed by Defendants in California who earned paid vacation days, including, but not limited to, holiday pay without receiving compensation for each vested paid vacation day and/or holiday pay during the **Relevant Time Period.**

**UCL Class**:  All  **Wal-Mart Class** members employed by Defendants in California during the **Relevant Time Period**.

12.     **Reservation of Rights:**  Pursuant to Rule of Court 3.765(b), Plaintiffs reserve the right to amend or modify the class definitions with greater specificity, by further division into sub-classes, and/or by limitation to particular issues.

13.     **Numerosity:**  The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiffs do not currently know the exact number of class members, Plaintiffs are informed and believes that the actual number exceeds the minimum required for numerosity under California law.

14.     **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members.  These common questions include, but are not limited to:

3

A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal breaks;

B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest breaks;

C.    Whether Defendants failed to pay additional wages to class members when they have not been provided with required meal and/or rest periods;

D.    Whether Defendants used payroll formulas that systematically fail to account for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members;

E.    Whether Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay;

F.    Whether Defendants have failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including commissions and/or income in calculating the rates at which those wages are paid;

G.    Whether Defendants have failed to provide for proportionate accruals for vested vacation time and/or pro-rata holiday pay for class members as required by California law;

H.    Whether Defendants subjected the "vacation time" and/or "holidays" they offer to class members to forfeiture;

I.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

J.    Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

K.    Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

4

L.       Whether class members are entitled to restitution of money or property

that Defendants may have acquired from them through unfair competition.

15.    **Typicality:**  Plaintiffs' claims are typical of the other class members' claims. Plaintiffs are informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

16.    **Adequacy of Class Representative:**  Plaintiffs are adequate class representatives in that they have no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiffs will fairly and adequately represent and protect the interests of the other class members.

17.    **Adequacy of Class Counsel:**  Plaintiffs' counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiffs or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiffs and absent class members.

18.    **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

19.    EVANS was hired by Defendants on or about March 19, 2013 as an hourly, non-

5

exempt employee who worked in California. Plaintiff was terminated on October 7, 2016.

20.    SMITH was hired by Defendants on or about March 8, 2017 as an hourly, non-exempt employee who worked in California. Plaintiff was terminated on September 2, 2017.

**Missed Meal Periods**

21.    SMITH regularly worked full time, eight hours a day, five days a week. Her job duties involved mainly unloading trucks, stacking pallets and stocking shelves. If there was one truck to unload, it had to be unloaded by 4:00 p.m. that same day. And if there were two trucks, then both had to be unloaded by 6:00 p.m. In addition, there were supposed to be seven employees working to unload each truck, however, on most days there were usually only five to six employees as they were usually shorthanded.

22.    Due to Defendants' policy or practice of requiring each incoming truck to be unloaded within strict time constraints, SMITH and the aggrieved employees were not provided with meal periods and/or were provided with meal periods after the fifth hour of work in violation of California law.

23.    Plaintiffs and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

24.    As a result of Defendants' policy, Plaintiffs and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked or were provided with meal periods after the fifth hour of work due to complying with Defendants' productivity requirements that required Plaintiffs and the putative class to work past the fifth hour of work in order to complete their assignments on time.

**Missed Rest Periods**

25.    SMITH regularly worked full time, eight hours a day, five days a week. Her job

6

duties involved mainly unloading trucks, stacking pallets and stocking shelves. If there was one truck to unload, it had to be unloaded by 4:00 p.m. that same day. And if there were two trucks, then both had to be unloaded by 6:00 p.m. In addition, there were supposed to be seven employees working to unload each truck, however, on most days there were usually only five to six employees as they were usually shorthanded.

26.     Due to Defendants' policy or practice of requiring each incoming truck to be unloaded within strict time constraints, SMITH and the aggrieved employees were not provided with rest periods and/or were provided with rest periods late in violation of California law.

27.     Plaintiffs and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

28.     As a result of Defendants' policy, Plaintiffs and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiffs and the putative class to work through their rest periods in order to complete their assignments on time.

**Regular Rate of Pay**

29.     The regular rate of pay under California law includes all remuneration for employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to, commissions and non-discretionary bonuses.

30.     During the applicable limitations period, Defendants violated the rights of Plaintiffs and the putative class under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code sections 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include all

7

applicable remuneration, including, but not limited to, commissions and non-discretionary bonuses.

### Vacation and/or Holiday Pay

31.     Vacation wages are considered a form of wages under Labor Code section 200. Vested vacation pay and other similar forms of paid time off earned based on labor performed are considered wages that cannot be subject to forfeiture without compensation for forfeited days at the applicable rates required by law.

32.     At all relevant times, Defendants maintained policies that provide for the unlawful forfeiture of vested vacation pay in violation of Labor Code section 227.3 and *Suastez v. Plastic Dress-Up Co.*, 31 Cal. 3d 774 (1982).

33.     Plaintiffs and the putative class were entitled to holiday pay during their employment with Defendants.  Upon termination, Plaintiffs and the putative class were not paid out all accrued vacation and/or holiday pay.

### Inaccurate Wage Statements

34.     Plaintiffs and the putative class were not provided with accurate wage statements as mandated by law pursuant to  Labor Code section 226.

35.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that:

      A.     Any and all meal period premium wages were not paid;

      B.     Regular rate of pay was not properly calculated.

      C.     Any and all vacation and/or holiday pay were not paid;

36.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that:

      A.  Regular rate of pay was not properly calculated.

37.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that:

      A.  Any and all meal period premium wages were not paid;

      B.  Regular rate of pay was not properly calculated.

8

C.  Any and all vacation and/or holiday pay were not paid;

38.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that:

A.  Regular rate of pay was not properly calculated.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512, and 1198)

### (Plaintiffs and Wal-Mart Meal Period Sub-Class)

39.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

40.    At all relevant times, Plaintiffs and the **Wal-Mart Meal Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the Wage Order.

41.    Labor Code section 512 and Section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten hours.

42.    Labor Code section 226.7 and Section 11 the Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

43.    Compensation for missed meal periods constitutes wages within the meaning of the California Labor Code section 200.

44.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

Section 11 of the Wage Order states: "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the

9

nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time." 8 Cal. Code Regs. § 11040(11).

45.    At all relevant times, Plaintiffs were not subject to a valid on-duty meal period agreement. Plaintiffs are informed and believes that, at all relevant times, **Wal-Mart Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

46.    Plaintiffs allege that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiffs and members of the **Wal-Mart Meal Period Sub-Class** with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 and the Wage Order.

47.    Plaintiffs allege that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have failed to pay premium wages to **Wal-Mart Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

48.    Plaintiffs  allege that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one half hour from the paychecks of **Wal-Mart Meal Period Sub-Class** members on each day they worked for a meal period, regardless of whether or not they were able to take an uninterrupted, thirty (30) minute meal period.

49.    Plaintiffs allege that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants employed **Wal-Mart Meal Period Sub-Class** members for shifts of ten (10) or more hours without providing them with second meal periods and without paying them premium wages, as required by Labor Code section 512 and the Wage Order.

50.    Moreover, Defendants written policies do not provide that employees must take their first meal break before the end of the fifth hour of work, that they are entitled to a second meal break if they work a shift of over ten (10) hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

10

51.    At all relevant times, Defendants failed to pay Plaintiffs and **Wal-Mart Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

52.    Pursuant to Labor Code sections 204, 218.6, and 226.7, Plaintiffs, on behalf of themselves and the **Wal-Mart Meal Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

53.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and the **Wal-Mart Meal Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7, and 1198)

### (Plaintiffs and the Wal-Mart Rest Period Sub-Class)

54.    Plaintiffs incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

55.    At all relevant times, Plaintiffs and the **Wal-Mart Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the Wage Order.

56.    Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

57.    Labor Code section 226.7 and Section 12 the Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees regular rate of pay, on each workday that the employee is not provided with the required rest period(s).

58.    Compensation for missed rest periods constitutes wages within the meaning of the

11

California Labor Code section 200.

59.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

60.    Plaintiffs alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Wal-Mart Rest Period Sub-Class** members with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

61.    At all relevant times, Defendants failed to pay Plaintiffs and other **Wal-Mart Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

62.    Specifically, Defendants written policies do not provide that employees may take a rest break for each four hours worked, and/or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable.

63.    Pursuant to Labor Code sections 204, 218.6, and 226.7, Plaintiffs, on behalf of himself, **Wal-Mart Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of himself and **Wal-Mart Rest Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197 and 1198)

### (By Plaintiffs and Wal-Mart Class)

64.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

65.    At all relevant times, Plaintiffs and **Wal-Mart Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Orders.

12

66.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

67.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

68.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

69.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

70.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

71.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

72.    Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

73.    Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

74.    Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

75.    Labor Code section 510 and section 3 of the applicable Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times

their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

76.    Labor Code section 510 and section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

77.    Plaintiffs are informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Wal-Mart Class** members with respect to working conditions and compensation arrangements.

78.    At all relevant times, Defendants failed to pay hourly wages to Plaintiffs for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods, and/or by failing to properly pay Plaintiffs and **Wal-Mart Class** members all overtime hours worked.

79.    Plaintiffs are informed and believes that, at all relevant times and as matters of policy and/or practice, Defendants have failed also to pay hourly wages to **Wal-Mart Class** members for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

80.    The regular rate of pay under California law includes all remuneration for employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to, commissions and non-discretionary bonuses.

81.    During the applicable limitations period, Defendants violated the rights of Plaintiffs and the putative class under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code sections 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, commissions and non-discretionary bonuses.

14

82.    At all relevant times, Plaintiffs and **Wal-Mart Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

83.    Labor Code section 512 and Section 11 of the Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of more than ten hours.

84.    Labor Code section 226.7 and Section 11 of the Wage Order prohibit an employer from requiring its employees to work during required meal periods and also require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a meal period.

85.    Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

86.    Labor Code section 226.7 and Section 12 of the Wage Order prohibit an employer from requiring its employees to work during required rest periods and also require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a rest period.

87.    California law uses the terms "compensation" and "pay" interchangeably and requires that all applicable remuneration, including, but not limited to, commissions and non-discretionary bonuses, be included when calculating an employee's regular rate of pay.

88.    At all relevant times, Defendants paid Plaintiffs premium wages based on a rate of compensation that did not reflect, among other things, non-discretionary bonuses and/or shift differential pay as required by Labor Code section 226.7(b) and Sections 11 and 12 of the Wage Order on the occasions when Defendants paid him premium wages in lieu of meal and/or rest periods.

*Evans v. Wal-Mart Stores, Inc.*                    First Amended Class Action Complaint

89.     Plaintiffs are informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy and practice of paying **Wal-Mart Class** members premium wages based on rates of compensation that have not reflected commissions and/or non-discretionary bonuses as required by Labor Code section 226.7(b) and Sections 11 and 12 of the Wage Order on the occasions when Defendants paid them premium wages in lieu of meal and/or rest periods.

90.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Wal-Mart Class** members, seeks to recover reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY VACATION AND/OR HOLIDAY PAY

## (Lab. Code § 227.3)

### (Plaintiffs and Wal-Mart Vacation Pay Class)

91.     Labor Code section 227.3 prohibits employers from subjecting vacation pay to unpaid forfeiture and requires an employer who has a policy that provides for vacation pay to pay its terminated employees for all of their vested and unused vacation pay.

*92.*     Pursuant to the California Supreme Court's decision in *Suastez v. Plastic Dress-Up Co.*, 31 Cal. 3d. 774 (1982) and Labor Code section 227.3, vested vacation pay and other similar forms of paid time off earned based on labor performed are considered wages that cannot be subject to forfeiture without compensation for forfeited days at the applicable rates required by law.

93.     At all relevant times, Defendants have subjected the vested vacation time and of both Plaintiffs and **Wal-Mart Vacation Pay Class** members to unpaid forfeiture.

94.     *Suastez v. Plastic Dress-Up Co.*, 31 Cal.3d 774 (1982), holds that a proportionate right to vacation pay vests on a pro rata basis as the employee renders labor.

95.     Plaintiffs are informed and believes and thereon alleges that, at all relevant times and in violation of Labor Code section 227.3, Defendants have maintained a floating holiday policy to which he and **Wal-Mart Vacation Pay Class** members are, or have been, subject,

16

*Evans v. Wal-Mart Stores, Inc.*                                       First Amended Class Action Complaint

under which employees floating holiday pay not taken by the end of the calendar year and/or at termination of employment is subject to unlawful forfeiture.

96.     Plaintiffs have lost money or property as a result of unfair competition in that Defendants have not paid him for all vested and unused floating holiday pay at the end of the calendar year and/or at termination of employment in violation of Labor Code sections 201, 204, 223 and/or 227.3.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiffs and Wal-Mart Wage Statement Penalties Sub-Class)

97.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

98.     Labor Code section 226(a) states in pertinent part the following:

"(a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

99.     Plaintiffs are informed and believes that, at all relevant times, Defendants have failed to provide **Wal-Mart Wage Statement Penalties Sub-Class** members with written wage

17

statements as described supra in this complaint.

100.    Plaintiffs are informed and believes that Defendants' failures to provide him and **Wal-Mart Wage Statement Penalties Sub-Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

101.    Plaintiffs and **Wal-Mart Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

102.    Pursuant to Labor Code section 226(e), Plaintiffs, on behalf of themselves and **Wal-Mart Wage Statement Penalties Sub-Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiffs and Wal-Mart Waiting Time Penalties Sub-Class)

103.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

104.    At all relevant times, Plaintiffs and **Wal-Mart Waiting Time Penalties Sub-Class** member have been entitled, upon the end of their employment with Defendants, to timely

18

payment of all wages earned and unpaid before termination or resignation.

105.     At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

106.     At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

107.     At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

108.     During the applicable limitations period, Defendants failed to pay Plaintiffs all of their final wages in accordance with Labor Code section 201 by failing to timely pay them all of their final wages.

109.     Plaintiffs are informed and believes that, at all relevant times, Defendants have failed to timely pay **Wal-Mart Waiting Time Penalties Sub-Class** members all of their final wages in accordance with Labor Code sections 201 or 202.

110.     Plaintiffs are informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Wal-Mart Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 and 202 by failing to timely pay them all final wages.

111.     Plaintiffs are informed and believes that Defendants' failures to timely pay all final wages to him and **Wal-Mart Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

112.     Pursuant to Labor Code sections 203 and 218.6, Plaintiffs, on behalf of themselves and **Wal-Mart Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

19

113.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Wal-Mart Waiting Time Penalties Sub-Class** members, seeks awards of reasonable costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (Plaintiffs and UCL Class)

114.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

115.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

116.    Business and Professions Code sections 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

117.    California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

118.    Plaintiffs and the **UCL Class** re-alleges and incorporates by reference the FIRST, SECOND, THIRD and FOURTH causes of action herein.

119.    Plaintiffs lost money or property as a result of the aforementioned unfair competition.

120.    Defendants have, or may have, acquired money by means of unfair competition.

121.    Plaintiffs are informed and believe and thereupon allege that, by committing the Labor Code violations described in this complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the Labor Code violations mentioned herein.

20

122.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours and by failing to pay non-exempt employee for all hours worked and by failing to reimburse them for all expenses.

123.    The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business and Professions Code sections 17200, *et seq*. Business and Professions Code section 17200, *et seq*., protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

124.    As a result of Defendants' violations of the Labor Code during the applicable limitations period as alleged herein, Plaintiffs have suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiffs have lost money or property as a result of the aforementioned conduct.

125.    Plaintiffs are informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

126.    Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

127.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

128.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final

21

hearing seek an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

129.    Pursuant to Business and Professions Code section 17203, Plaintiffs, on behalf of themselves and the other members of the **UCL Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

130.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs and the other members of the **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## EIGHTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698, *et seq.*)

131.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

132.    During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197 and 1198.

133.    Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, of behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure § 382.

134.    Plaintiff, as a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c).

135.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3.

22

136.    Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197 and 1198:

A.    For violations of Labor Code §§ 201, 202, 203, 212, 226.7, 227.3, 1194 and 1198, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

B.    For violations of Labor Code § 203, a penalty in an amount not exceeding 30 days pay as waiting time (penalties set by Labor Code § 256).

C.    For violations of Labor Code § 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 210);

D.    For violations of Labor Code § 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 225.5);

E.    For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this

action, $1,000 for each employee for each violation (penalties set by Labor Code § 226.3);

F.    For violations of Labor Code §§ 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558); and

G.    For violations of Labor Code § 1197, $100 for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of § 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code § 1197.1).

137.    Pursuant to Labor Code § 2699(g), Plaintiff seeks awards of reasonable costs and attorneys' fees in connection with his claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated, prays for relief and judgment against Defendants as follows:

A.    An order that the action be certified as a class action;

B.    An order that Plaintiffs be appointed class representatives;

C.    An order that counsel for Plaintiffs be appointed class counsel;

D.    Unpaid Wages;

E.    Actual Damages;

F.    Liquidated Damages;

G.    Restitution;

H.    Declaratory relief;

I.    Pre-judgment interest;

J.    Statutory penalties;

K.    Civil penalties;

L.    Costs of suit;

*Evans v. Wal-Mart Stores, Inc.*                    First Amended Class Action Complaint

M. Reasonable attorneys' fees; and

N. Such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves, all others similarly situated, hereby demands a jury trial on all issues so triable.


DATED:  November 13, 2017                    SETAREH LAW GROUP


                                  BY

                                      SHAUN SETAREH
                                      Attorneys for Plaintiffs,
                                      JAMES S. EVANS and KEINEISHA SMITH

25