# EXHIBIT F



31 CHATEL DR
LITTLE ROCK, AR 72223
501-366-4164
JT@JTCalcs.com

December 16, 2019

Shaun Setareh Esq.
**SLG I SETAREH GROUP**
315 S. Beverly Dr, Suite 315
Beverly Hills, CA 90212

RE: James Evans v. Wal-mart Stores, Inc., Case No. 2:17-cv-07641-AB-KK (Cent. Dist.)

Based on your request, a discussion of the needed data is provided in this document. It is my understanding that the issues in this matter are: Regular Rate computation and the related rate utilized in the payment of premium hours worked, Paystub Penalties due to under payment of wages when premium hours are worked during the bonus period, and the inability of employees to obtain paper copies of their paystub.

It is my understanding that the class size for this matter is approximately 200,000 and that this number was provided by opposing counsel. Currently a sample of pay records were provided for 1,000 employees which amounts to a sample size of less than 1 percent or 0.5%.

The required documentation and process will be discussed within this document.

I, James Toney, declare as follows:

    1.    **Qualifications**

I graduated from California State University with a Bachelor of Science in Accounting in December of 1988. Thereafter, I obtained my Master of Business Administration degree from Chapman University in December of 1994. I was the General Accounting Manager for the Boeing Company and Payroll Manager for Rockwell International Corporation prior to forming and becoming the principal in JTCalcs, which

provides expert consulting services for wage and hour class actions. I have been retained and provided expert analyses in more than 650 wage & hour class action lawsuits, as well as a number of individual wage and hour claims. I have reviewed and analyzed data provided in numerous formats and for multiple business types — retail, entertainment, warehouse construction, transportation and medical services. Attached hereto as Exhibit "A" is my current CV.

2.  **Testimony in Other Cases**
    a.  Yolanda Penny v. San Dimas Community Hospital — November 12, 2013 Superior Court of California Count of Los Angeles — Central District — Case No.: BC427326
    b.  Christy McSwiggin V. Omni Limousine — April 14, 2016 The United States District Court for the District of Nevada — Case No.
    c.  Joaquin Roces V. Reno Housing Authority — February 2, 2017 United States District Court for the District of Nevada Case No. 3:15-cv-004808-RAJ-WCS
    d.  Clara Ortiz V. Oportun Inc. — March 7, 2017 Superior Court of the State of California for the County of Santa Cruz Case NO. CCV 182260
    e.  Donald Walden Jr V. The State of Nevada- Department of Corrections — December 7, 2017 United States District Court District of Nevada — No. 3:14-cv-000320-MMD-WGC
    f.  Eru Pena Santos v. Double Vision Concepts Inc — February 8, 2018 Superior Court of the State of California for the County of Orange Case No. 30-2017-00723893-CU-0E-CXC
    g.  Simon Goro v. Flowers Foods, INC — October 23, 2018 — United States District Court — Southern District of California Case No. 17-cv-02580-JLS-JLB
    h.  Roberto Ceja v. Davis Development Company — November 13, 2018 Judicate West — Alternative Dispute Resolution Case No. A238183

    i. Roberto Ceja v. Davis Development Company — November 30, 2018 Judicate West — Alternative Dispute Resolution Case No. A238183

    j. Andrea Spears v. Health Net of California, Inc — February 11, 2019 Superior Court of the State of California — Court of Sacramento Case No. 34-2017-00210560-CU-OE-GDS

    k. Manual Figueroa v. Smith Delivery Corporation — May 28, 2019 Superior Court of the State of California, County of San Diego, Central Division Case No. 37-2016-00041612-CU-BT-CTL

    l. Matthew Bruers v. Flowers Foods INC. — July 30, 2019 — United States District Court Central District of California — Case NO. 18-cv-01442-JLS-ADS

3. **Expert Compensation**

The hourly rates charged by category are:

    a. Data Analysis - $200.00 per hour

    b. Deposition and Trial Support - $250.00 per hour

    c. Travel - $200.00 per hour

4. **Documents Reviewed**

The following documents were provided to Plaintiff's attorney and were used in preparing the opinions and conclusions contained within this declaration.

    a. D00000822-D00000927 - contained pay stub copies

    b. Evans James — Payroll — contained payroll hours, codes and amounts

    c. D00000980-D00000992 — contained MyShare Quarterly Incentive Plan information for FYE 2014

    d. D00000993-DC001005 — contained MyShare Quarterly Incentive Plan information for FYE 2015

    e. D00001006-D00001020 — contained MyShare Quarterly Incentive Plan information for FYE 2016

5. **Data Requirements**

First, data required for the calculation of unpaid wages related to the improper rate utilized when calculating premium hour payments. It is my understanding the employees are eligible for quarterly incentive payments. In those quarters where an incentive is earned, the regular rate of pay needs to be calculated in order to properly pay premium hours worked in the incentive period. The data elements needed are:

   a. The period for which the incentive was based or calculated. The start and end date for the incentive period.
   b. The incentive paid to each employee for each period an incentive was earned.
   c. The hours worked for each employee for each period that an incentive was earned. If the incentive period coincides with the payroll cycle, pay records can be utilized. If the incentive period deviates from the pay cycle, time punch records will be required in order to match hours worked to the incentive period.
   d. The pay date for each incentive period payment for each employee.
   e. The employment start and end dates for each employee in the class.

The current sample provided is insufficient to calculate damages for the class, as it only represents 0.5% of the employees. In addition to the small employee count size, it can't be determined if these employees represent the class, as there is not a way to determine if employment periods for the sample group are similar to the class. The preferred method for calculating damages for this matter would be to obtain a full set of hours worked and incentives paid to each employee for each period. Data provided at the employee level for each class member creates the ability to calculate damages for each employee.

6. **Unpaid Wages – Regular Rate Claim**

The process steps to calculate the unpaid wages related to incentive payments are:

   a. Based on the incentive period, the total hours worked, broken down by straight time, overtime, and double time hours would be determined by employee, by incentive period
   b. The additional regular rate paid to employees would be the incentive amount divided by the straight time hours. This calculated rate would be multiplied by 0.5 to determine the additional pay rate to be utilized for the overtime hours worked. The calculated rate for the double time hours would be additional regular rate multiplied by 1.0
   c. Once the rates were determined by employee the unpaid wages are calculated by multiplying the appropriate overtime and double rate by the related hours worked in the period.

7. **Paystub Penalties**

Paystub penalties will be applied to each incentive award payment where premium hours are worked in the incentive period. Since the incentive is a quarterly based payment, the maximum penalty count for incentive payments is four in a year. In addition to the incentive periods, a paystub penalty is applicable for each pay period during the year as it is my understanding that employees did not have the option to receive paper paystubs. In those periods that contain an issue with both incentive payments and paper paystubs, a single penalty applies.

8. **Summary**

In order to calculate the damage and penalty categories discussed in this document, the incentive pay amounts and the related hours worked for each employee should be requested. In addition to pay and work data, a list of employees in the class with the employment start and stop dates should be requested.

To a reasonable degree of certainty, the contents of this document represent my opinion. I reserve the right to alter my opinion should additional information become available or clarified.

I declare under penalty of perjury, under the laws of the United States of America and the State of Arkansas, that the foregoing is true and correct. Executed this 16th day of December in 2019.

James R. Toney

# Exhibit A



31 CHATEL DR
LITTLE ROCK, AR 72223
501-366-4164
JT@JTCalcs.com

## JIM TONEY'S RESUME

### Education

| | | |
|---|---|---|
| | Master of Business Administration<br>Chapman University<br>Orange, California | December 1994 |
| | Bachelor of Science in Business / Accounting<br>California State University, Long Beach<br>Long Beach, California | December 1988 |

### Scope of Work

Consulting activities for wage and hour class actions include:

- Initial payroll data review - testing for completeness, trends, reasonability (examples – workweeks vs. store counts, turnover rates, salary trends)
- Calculation of FTE (full time equivalents) for damage exposure calculations
- Analysis of pay records in connection with legal requirements
- Analysis of time punch data with focus on rounding and off-clock issues
- Preparation of damage calculations based on multiple scenarios
- Damages split by category – visibility of wages, interest, and penalties
- Mediation support – adjust calculations / variables "real time" in order to facilitate settlement discussions
- Calculation of settlement share/member
- Expert Witness testimony

### Case Experience (partial list)

Vaquero v. Ashley Furniture Industries Inc.
Bright v. Glendale Adventist Medical Center
John v. Caesars Palace
Lopez v. InTouch Mobile Inc.
Wetzlich v. Shark Ninja
Adams, et al v. Blockbuster Inc.
Kevin Joel, et al v. Athlete's Foot Group Inc.
Tett, et al v. Kragen Auto
Parks, et al v. Eastwood Insurance
Lasko-Hoellinger, et al v. UHS
St. Croix v. Cedar Fair
York v. CHOC
Burton v. 24 Hour Fitness USA
Hernandez v. Ruby's Diner Restaurants
Penny v. San Dimas Community Hospital

Fink v. Commercial Fire Protection
Rose v. Rabobank National Association
Castaneda v. San Gabriel Transit Inc
Bart v. Parkview Community Hospital
Hernandez v. PJ Las Vegas LLC
Barry, et al v. Cost Plus
Ware, et al v. McKesson Water Products Co. (Sparkletts)
Cruz, et al v. Suntory Water (Hinckley & Schmitt)
Tomlinson, et al v. IndyMac Bank
Mutuc, et al v. Huntington Memorial Hospital
Corona v. HOAG Memorial Hospital
Nesbit v. ProCare Nurses LLC
Lopez/Arias v. Citrus Valley Health Partners
Duran v. Big5
Casanova v. Iron Mountain

## Related Employment

### The Boeing Company

Anaheim, California, Manager, General Accounting – responsible for the direct supervision of accounting related (Overhead Distribution, Labor Control, Financial Statements, Payroll and Timekeeping). Additional position responsibilities included: oversight of monthly / annual closing schedules and process, setting of overhead rates and liaison with Information Systems on system maintenance and upgrades

### Rockwell International Corporation
Anaheim, California

Manager, Payroll – The department was responsible for all payroll activities and benefit distribution for active employees. The division population consisted of 4,000 employees (both union and non-union) with a majority in California but a presence in 9 additional states.

### The Capital Group Companies
Brea, California

Supervisor, Corporate Finance & Accounting – supervise the group responsible for the monthly consolidated financial statements and facilitate the external year end audit process. In addition, this group prepared corporate allocations, charitable foundation financials, share price, and tracking of investment activities.