UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. EVANS, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:17-CV-07641-AB (KKx)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION** |

Before the Court is Plaintiff James S. Evans' Motion for Preliminary Approval of Class Action Settlement. ("Motion," ECF No. 239.) Defendant Walmart Inc. f/k/a Wal-Mart Stores, Inc. does not oppose the Motion for Preliminary Approval. Ana Anguiano-Tamayo filed a Motion to Intervene and to Object to Approval of Settlement.[1] (*See* ECF No. 241.) The Court heard oral argument regarding the Motion for Preliminary Approval on December 3, 2021. For the reasons stated below, the Court **DENIES** the Motion for Preliminary Approval.

---

[1] In March 2022, the Court entered an order denying Ms. Anguiano-Tamayo's Motion to Intervene. Nevertheless, the Court has considered Ms. Anguiano-Tamayo's objection (i.e., that the release is inherently overbroad as it releases any and all claims for violation of Labor Code § 226) to the

1.

## I. INTRODUCTION

The Court has previously detailed the factual and procedural background of this matter in its orders. For purposes of this Motion, the Court will summarize the relevant facts only.

### A. Factual Background and Procedural History

On September 13, 2017, Plaintiff filed the instant putative class action in the Superior Court of the State of California for the County of Los Angeles asserting: (1) failure to provide hourly wages in violation of California Labor Code §§ 223, 510, 1194, 1197, 1997.1, and 1198; (2) failure to pay vacation or holiday pay in violation of Labor Code § 227.3; (3) failure to provide accurate written wage statements in violation of Labor Code § 226; (4) failure to timely pay all final wages in violation of Labor Code §§ 201-203; and (5) unfair competition in violation of Business and Professions Code §§ 17200, *et seq*. (*See* Declaration of Shaun Setareh ("Setareh Decl.") ¶ 4; *see also* ECF No. 1-1.)

On October 18, 2017, Defendant removed the action to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA"). (*See* Setareh Decl., ¶ 5; *see also* ECF No. 1.)

On November 20, 2017, Plaintiff filed the First Amended Complaint, the operative complaint, which added Keineisha Smith[2] as a class representative and asserted the following additional causes of action: (1) failure to provide meal periods in violation of Labor Code §§ 204, 223 226.7, 512, 1198; (2) failure to provide rest periods in violation of Labor Code §§ 204, 223, 226.7, and 1198; and (3) civil

---

Motion for Preliminary Approval. However, Ms. Anguiano-Tamayo's objection as to the adequacy of Plaintiff's counsel is waived as Ms. Anguiano-Tamayo raised this argument for the first time in her Reply. *See, e.g., Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("arguments raised for the first time in a reply brief are waived."); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

[2] On November 14, 2019, the parties stipulated to dismiss Ms. Smith from this action without prejudice. (*See* ECF No. 92.)

2.

penalties under the Private Attorneys General Act of 2004 ("PAGA"). (*See* Setareh Decl., ¶ 6; *see also* ECF 12.)

Thereafter, Plaintiff filed a motion for class certification. (*See* ECF No. 49.) On November 25, 2019, the Court certified the Wage Statement Class (i.e., All persons employed as hourly-paid employees by Defendant in any store in California at any time during the period beginning one year before the filing of this action and ending when final judgment is entered). (*See* ECF No. 95.) The Wage Statement Class was "based on Defendant's purported failure to provide employees with the opportunity to receive paper wage statements." (*Id.*) The Court also certified the Regular Rate Class and the Wage Statement Class, however, the underlying causes of action for these classes were dismissed on summary judgment in September 2020. (*See* ECF No. 181.)

On January 13, 2020, the Court subsequently ordered that the Notice Administrator send out notice to the members of the certified Wage Statement Class. (*See* ECF No. 101.) A total of 200,787 notices were mailed, and of the total notices mailed, 2,557 notices were returned, 29 notices were forwarded, and 127 opt-out requests were received. (*See* Setareh Decl., ¶ 14.)

At the eve of trial, Plaintiff and Defendant reached a non-reversionary settlement agreement through arms-length negotiations. (*See* Setareh Decl. ¶¶ 19-22.) The parties had commenced settlement discussions during a private mediation conducted by Michelle Yoshida of Philips ADR and the parties continued these discussions until the morning of the Final Pre-Trial Conference on April 30, 2021 when the parties ultimately reached a Settlement Agreement. (*Id.*)

### B. Scope of Release

The parties agreed to settle the wage statement claim only on a class-wide basis for $35 million. The Settlement Agreement defines Settlement Class Members as "[A]ll Walmart Associates who worked in a non-exempt position at a Walmart Retail Location in California during the period of one year prior to the filing of Plaintiff's

suit through preliminary approval of this matter" excluding the Judge Birotte and any of his relatives. (Setareh Decl. ¶ 24, Ex. 1 ("Settlement") ¶ 2.31.) A Walmart Retail Location is defined as Defendant's stores, supercenters, and neighborhood markets. (*Id.* at ¶ 2.42.)

Furthermore, the Settlement Agreement defines Releasing Settlement Class Members as "the Settlement Class Representative and all Settlement Class Members, other than those who submit timely and valid Requests to Opt Out." (*Id.* at ¶ 2.29.)

Section 12.1 of the Settlement Agreement states that the Releasing Settlement Class Members are releasing the following claims against Defendant in exchange for the benefits enumerated in the Settlement Agreement:

> Subject to final approval by the Court of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Releasing Settlement Class Members do hereby irrevocably release, acquit, and forever discharge all of the Releasees of and from any and all rights, demands, charges, complaints, causes of action, obligations, damages, penalties, debts, costs and expenses (other than those payments, costs, and expenses required to be paid pursuant to this Agreement), liens, or liabilities of any and every kind, that were asserted in the Lawsuit, or that could have been asserted but were not asserted in the Lawsuit, that arise out of claims that Walmart violated Section 226 of the Labor Code, whether known or unknown, whether such allegations were or could have been based on common law or equity, or on any statute, rule, regulation, order, or law, whether federal, state, or local and whether for damages, wages, penalties or injunctive or any other kind of relief ("the Released Claims").

(*Id.* at ¶ 12.1.)

The $35 million settlement is based upon approximately 25% of the total potential recovery of the wage statement claim (i.e., $554,676,800[3]) after Plaintiff applied two 50% discounts. (*Id.* at ¶ 5.1.) The 50% discounts were applied because

---

[3] This is an extrapolation based on the data previously provided adjusting for an increase in the class size to 265,000.

4.

of several risks that are inherent in the continued litigation of this matter. (*See generally* Motion.)

The settlement amounts for each Settlement Class Member are calculated based on the total number of pay periods each Settlement Class Member worked during the class period. (*See* Motion at 11:23-27.) However, if a Settlement Class Member's wage statements were always furnished as a detachable part of a paper check, their settlement amounts will be proportionally lower than the settlement amounts for Settlement Class Members who did not receive all of their wage statements as a detachable part of a paper check. (*Id.* at 11:27-12:3.)

In addition, $500,000.00 of the Class Settlement Amount will be allocated for the civil penalties under PAGA, with 75% of that amount (i.e., $375,000.00) being paid to the Labor and Workforce Development Agency, and the remaining 25% (i.e., $125,000.00) being included as part of the Net Settlement Amount for distribution to the Settlement Class Members. (Settlement at ¶ 5.2.4.)

Plaintiff requests a $20,000.00 Service Payment to be paid out of the Class Settlement Amount for the 75 hours spent in connection with this case. (Motion at 12:19-20.) Class Counsel intends to seek up to one-third of the Settlement Fund (i.e., $11,666,666.66) as attorneys' fees, and no more than $250,000.00 as reimbursement of expenses. (*Id.* at 12:27-28.) The estimated amount of costs for the settlement and notice administration are approximately $535,475.00. (*Id.* 15:17-19.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 23 requires that class action settlements satisfy two primary prerequisites before a court may grant preliminary approval: (1) that the settlement class meets the requirements for class certification if it has not yet been certified; and (2) that the proposed settlement is "fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020, 1026 (9th Cir. 1988), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *see* Fed. R. Civ. P. 23(a), (e)(2).

5.

As a threshold for class certification, the proposed class must satisfy four prerequisites under Rule 23(a). First, the class must be so numerous that joinder of all members individually is impracticable. Fed. R. Civ. P. 23(a)(1). Second, there must be questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). Third, the claims or defenses of the class representative must be typical of the claims or defenses of the class as a whole. Fed. R. Civ. P. 23(a)(3). Finally, the proposed class representatives and proposed class counsel must be able to protect the interests of all members of the class fairly and adequately. Fed. R. Civ. P. 23(a)(4).

If all four prerequisites of Rule 23(a) are satisfied, a court must then determine whether to certify the class under one of the three subsections of Rule 23(b). Under Rule 23(b), the proposed class must establish that: (1) there is a risk of substantial prejudice from separate actions; (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) common questions of law or fact predominate such that a class action is superior to other methods available for adjudicating the controversy at issue. Fed. R. Civ. P. 23(b).

In analyzing whether the proposed class meets the requirements for certification, a court must take the substantive allegations of the complaint as true and may consider extrinsic evidence submitted by the parties. *See Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

Finally, upon a finding that the requirements of Rule 23(a) and 23(b) are satisfied, the Court must ensure that the proposed settlement is "fair, reasonable, and adequate" under Rule 23(e). Fed. R. Civ. P. 23(e)(2). The Ninth Circuit has provided a non-exhaustive list of fairness factors. *See Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982). Courts evaluate the settlement as a whole, rather than its individual parts, to determine its overall fairness. *Id.* Courts must also consider the adequacy of the proposed settlement notice. *Id.* at 1025; Fed. R. Civ. P. 23(e).

## III. DISCUSSION

### A. Class Certification

On November 25, 2019, the Court certified the Wage Statement Class in the instant matter pursuant to Rule 23(a) and (b). (*See* ECF No. 95.) Thereafter, the Court denied Defendant's Motion for Decertification on September 14, 2020. (*See* ECF No. 182.) Accordingly, because the certified Wage Statement Class has not changed, the Court reconfirms its order certifying the Wage Statement Class. *See e.g.*, *Harris v. Vector Marketing*, No. C–08–5198, 2012 WL 381202 at *3 (N.D. Cal. Feb. 6, 2012) ("As a preliminary matter, the Court notes that it previously certified . . . a Rule 23(b)(3) class . . . [and thus] need not analyze whether the requirements for certification have been met and may focus instead on whether the proposed settlement is fair, adequate, and reasonable."); *In re Apollo Group Inc. Securities Litigation*, Nos. CV 04–2147–PHX–JAT, CV 04–2204–PHX–JAT, CV 04–2334–PHX–JAT, 2012 WL 1378677 at *4 (D. Ariz. Apr. 20, 2012).

### B. Fairness of Settlement Agreement

For preliminary approval of a class settlement, the Court determines whether the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To determine whether a settlement agreement meets the above standards, a district court may consider some, or all, of the following factors:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see Officers for Just.*, 688 F.2d at 625 (noting that the list of factors is "by no means an

exhaustive list of relevant considerations").

"Beyond the value of the settlement, potential recovery at trial, and inherent risks in continued litigation, courts also consider whether a class action settlement contains an overly broad release of liability." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 327 (C.D. Cal. 2016). Indeed, courts in this circuit have routinely denied preliminary approval of settlement agreements that include releases of claims that are broadly drafted and do "not reasonably track the allegations of the complaint." *Gonzalez v. CoreCivic of Tennessee, LLC*, No. 1:16-CV-01891-DAD-JLT, 2018 WL 4388425, at *12 (E.D. Cal. Sept. 13, 2018) (citing to cases within this circuit denying preliminary approval of settlement agreements); *cf. Shahbazian v. Fast Auto Loans, Inc.*, No. 2:18-CV-03076 ODW KSX, 2019 WL 8955420, at *9 (C.D. Cal. June 20, 2019) ("Although the release is broad in that it releases claims both known and unknown, the released claims are appropriately limited to the factual predicate of the SAC.") Indeed, a release is overly broad if it includes claims Plaintiff did not allege nor litigate in the action. *See Amaro v. Anaheim Arena Mgmt., LLC*, 69 Cal. App. 5th 521, 535 (2021), *review denied* (Dec. 29, 2021) (holding an release was unlawfully overbroad when it "impermissibly extend[ed]to claims outside the scope of the complaint").

Here, the Court finds that the scope of the release is overly broad as it releases any and all Labor Code § 226 violations, even violations not specifically asserted in the operative Complaint. Specifically, the sole Labor Code § 226 violation asserted in the operative Complaint was Defendant's failure to provide employees with an opportunity to elect to receive paper wage statements. (*See generally* FAC.) Indeed, the Wage Statement Class was certified based on this sole violation. (*See generally* ECF No. 95.) However, the Settlement Agreement does not limit the release to this Labor Code § 226 violation. Instead, the Settlement Agreement releases any Labor Code § 226 violations that "could have been asserted, but were not asserted" in this

8.

action. (Settlement at ¶ 12.1.) Accordingly, the Court cannot find that the proposed settlement as drafted is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

## IV. CONCLUSION

In sum, based on the parties' current filings and in light of the foregoing deficiencies, the Court **DENIES without prejudice** Plaintiff's Motion for Preliminary Approval of the Class Settlement. The Court **ORDERS** Plaintiff to re-file an Amended Motion for Preliminary Approval of the Class Settlement to conform with the deficiencies noted above within **ninety (90) days** from the issuance of this Order.

**IT IS SO ORDERED.**

Dated: March 21, 2022

                           HONORABLE ANDRÉ BIROTTE JR.
                           UNITED STATES DISTRICT COURT JUDGE