Timothy J. Long (SBN 137591)
Robert J. Herrington (SBN 234417)
Ryan C. Bykerk (SBN 274534)
GREENBERG TRAURIG LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Tel:  310.586.7700
Fax: 310.586.7800
longt@gtlaw.com
herringtonr@gtlaw.com
bykerkr@gtlaw.com

Naomi G. Beer (*pro hac vice*)
GREENBERG TRAURIG LLP
1144 Fifteenth Street, Suite 3300
Denver, Colorado 80202
Tel: 303-572-6500
Fax: 303-572-6540
beern@gtlaw.com

Attorneys for Defendant WALMART INC.
f/k/a WAL-MART STORES, INC.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. EVANS on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation and DOES 1 through 50, inclusive,<br><br>Defendant. | CASE NO.  2:17-cv-07641-AB-KK<br><br>Assigned for all purposes to the Hon. André Birotte, Jr., Courtroom 7B<br><br>**WALMART'S UNOPPOSED MOTION FOR RECONSIDERATION OF COURT'S MARCH 21, 2022 ORDER DENYING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:     May 6, 2022<br>Time:    10:00 a.m.<br>Place:    Courtroom 7B |

UNOPPOSED MOTION FOR RECONSIDERATION OF COURT'S MARCH 21, 2022 ORDER
DENYING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

ACTIVE 63966085v7

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 6, 2022, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable André J. Birotte, Jr. of the above-entitled Court, in Courtroom 7B of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012, Defendant Walmart Inc., f/k/a Wal-Mart Stores, Inc. ("Walmart") will and hereby does move pursuant to Local Rule 7-18(c), for an order reconsidering the Court's March 21, 2022, Order Denying Preliminary Approval of Class Action. Dkt. 254. Plaintiff James Evans ("Plaintiff") does not oppose this Motion.

This motion is made on the grounds that the operative First Amended Complaint in this action, Dkt. 12, is not limited to the paper wage statement theory articulated at class certification, but is more broadly drafted to include broader allegations under Section 226. As a result, the release in Plaintiff and Walmart's ("Parties") settlement agreement is fair, reasonable and adequate under Fed. R. Civ. P. 23(e)(2)..

This motion follows multiple conferences of counsel pursuant to L.R. 7-3, which took place on March, 24, 2022, March 29, 2022, April 3, 2022 and April 4, 2022, during which Plaintiff confirmed that he does not oppose the relief sought in this Motion. This motion is based on this notice, the attached memorandum of points and authorities, the Declaration of Naomi Beer, all pleadings and papers in the Court's file for this matter, any evidence of which the Court may take judicial notice, and such argument and evidence as may be made at the hearing on this motion.

1
2   DATED: April 4, 2022

Respectfully submitted,

GREENBERG TRAURIG LLP

By */s/ Robert J. Herrington*
Robert J. Herrington

Attorneys for Defendant
Walmart Inc., f/k/a Wal-Mart Stores, Inc.

ii
UNOPPOSED MOTION FOR RECONSIDERATION OF COURT'S MARCH 21, 2022 ORDER
DENYING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

ACTIVE 63966085v7

# MEMORANDUM OF POINTS AND AUTHORITIES AND AUTHORITIES

## I. INTRODUCTION

As part of its inquiry into whether the proposed settlement is "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e), the Court considered the scope of the Parties' proposed release. It correctly noted that a release is appropriate if it includes claims alleged in the complaint and any other claims based on the same factual allegations. But, in applying that rule, the Court incorrectly looked to the class certification pleadings rather than the operative complaint. Because the First Amended Complaint ("FAC" or "Complaint"), Dkt. 12, is broader than the "paper-wage statement theory" on which the Court certified a class, the Court should reconsider the appropriateness of the proposed release in reference to the Complaint.

The Court correctly stated the rule for class settlement approvals, before swapping the content of the Complaint with the Rule 23 analysis. Dkt. 254, Order at 8. The Court explained that precedent disapproves "preliminary approval of settlement agreements that include releases of claims that are broadly drafted and do 'not reasonably track the allegations of the complaint.'" *Id.* at lines 5-11 (emphasis added; quoting *Gonzalez v. CoreCivic of Tennessee,* LLC, No. 1:16-CV-01891, 2018 WL 4388425, at *12 (E.D. Cal. Sept. 13, 2018)). The Parties could not agree more. But then the Court made a simple but consequential mistake: "the sole Labor Code § 226 violation asserted in the operative complaint was Defendant's failure to provide employees with an opportunity to elect to receive paper wage statements." Dkt. 254, Order at 8:21-23. As traced below, the FAC alleged broader and more numerous violations of Section 226.

First, as discussed *infra* at 4, implicit in Plaintiff's paper wage statement claim is the allegation that the failure to provide a paper wage statement is tantamount to providing no wage statement at all, and, as such, alleged violations of all subsections of Section 226 are implicit in this claim. Second, the Complaint expressly alleges, among other things, that Walmart failed to provide accurate wage statements for multiple reasons, including, without limitation, alleged failures related to lunch breaks, holiday

1

UNOPPOSED MOTION FOR RECONSIDERATION OF COURT'S MARCH 21, 2022 ORDER
DENYING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

ACTIVE 63966085v7

pay, vacation pay, rates of pay, hours worked and gross and net wages.  Dkt. 12, FAC, ¶¶ 1(g), 14(I), 34-38, 97-102.  For the Court's convenience, Walmart has also filed the Declaration of Naomi Beer ("Beer Decl.") with an attached copy of the FAC highlighted to easily identify these paragraphs.  Although the Parties have devoted significant attention to the paper wage statement issue, the Complaint as it relates to Labor Code Section 226 encompasses far more.  And, in fact, the Complaint never uses the phrase "opportunity to elect to receive paper wage statements" that formed the basis of the certification decision and referenced by the Court in its Order.  Dkt. 254, Order at 8:23-24; *see generally* Dkt. 12 and the Beer Decl.  This case illustrates how the scope of class certification can differ from that of a complaint.  Because the Court was correct that the scope of a release is tied to the latter, it should reconsider the motion for preliminary approval of the proposed settlement agreement.[1]

## II.   A SETTLEMENT CLASS RELEASE MUST BE TIED TO THE COMPLAINT.

The Court correctly identified a number of cases applying the rule in the Ninth Circuit that a class release must be based on the allegations in the operative complaint.  Dkt. 254, Order at 8.  Stated simply, that rule requires that the release "track the breadth of Plaintiffs' allegations" in the complaint.  *Collins v. Cargill Meat Solutions Corp.,* 274 F.R.D. 294, 303 (E.D. Cal. 2011); *Thio v. Genji,* LLC, 14 F. Supp. 3d 1324, 1334 (N.D. Cal. 2014).  The same rule applies in California state court.  *Amaro v. Anaheim Arena Mgmt*., LLC, 2021 WL 4434970, at *14 (Cal. App. 4th Dist. Sept. 28, 2021) (looking to "the scope of the allegations in the operative complaint").  But courts reject settlements where the "proposed settlement agreement releases claims that go beyond the scope of

---

[1] In making this Motion, Walmart does not waive its position that a release of a Section 226 claim may properly encompass all theories of how Labor Code 226 was allegedly violated, whether expressly alleged in the Complaint or not, because all theories necessarily arise from the same factual predicate – that the wage statement was inaccurate.  But given the breadth of the Complaint here, the Court need not address that question in this case, and may approve the Parties' proposed settlement and release based on the Complaint that is before it.

2
UNOPPOSED MOTION FOR RECONSIDERATION OF COURT'S MARCH 21, 2022 ORDER
DENYING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

ACTIVE 63966085v7

the allegations in the operative complaint." *Marshall v. Northrop Grumman Corp.,* 469 F. Supp. 3d 942, 949 (C.D. Cal. 2020).

The reference point for this inquiry is the First Amended Complaint (Dkt. 12), and specifically, its factual allegations. The Ninth Circuit's seminal decision on the breadth of class releases permits even settlement of "claims not alleged in the underlying complaint" as long as "those claims depended on the same set of facts." *Hesse v. Sprint Corp.,* 598 F.3d 581 (9th Cir. 2010). Because factual allegations are the touchstone for assessing class releases, a settlement "may preclude a party from bringing a related claim in the future even though the claim was not presented *and might not have been presentable* in the class action," provided that it shares an "identical factual predicate." *Id.* (emphasis added; quotation omitted). The Ninth Circuit's allowance for settling claims that "might not have been presentable in the class action" means that class certification is not the relevant benchmark. By definition, if parties can settle claims ineligible for class litigation, then the release may encompass issues that do not satisfy the requirements of Rule 23.

The plaintiff's complaint—not the class certification order—determines the scope for a class release. That scope includes any claims alleged in the complaint as well as additional claims that have the same "factual predicate."

### III. PLAINTIFF'S COMPLAINT ALLEGES A WIDE VARIETY OF SECTION 226 VIOLATIONS, NOT A BARE PAPER WAGE STATEMENT CLAIM.

The current Complaint encompasses both express claims and those that are reasonably pled based on its allegations. In particular, the FAC alleges at least five theories of liability under different subsections of Section 226. Dkt. 12, FAC ¶¶ 1(g), 14(I), 34–38, 97–102; Beer Decl. Along with the broad assertion that Walmart failed to "provide accurate wage statements as mandated by law pursuant to Labor Code Section 226," the FAC identified alleged violations of at least four subparts—Section 226(a)(1), (a)(2), (a)(5), and (a)(9). Dkt 12 ¶34; *see also id.* ¶¶ 98-101 (including references to all subparts of Section 226). The alleged predicate offenses for those alleged violations

3

were themselves varied and included, among other things, unpaid meals, miscalculated wage rates, failure to accurately reflect total gross and net wages and all hours worked and unpaid holiday and vacation time. *Id.* As a result, the Complaint asserts that class members received inaccurate information and had to compute their correct wage rates and payments themselves. *Id.* ¶¶ 100–101. Each of these claims unquestionably appears on the face of the Complaint.

As to the claim on which the Court granted class certification – the alleged failure to furnish paper wage statements – that claim is also within the ambit of the Complaint's allegations even though the words "paper," and "election" do not specifically appear in the Complaint. *See generally,* Dkt. 12; Beer Decl. Additionally, Plaintiff has contended that the claim that Walmart did not furnish paper wage statements is the equivalent to Walmart having provided no wage statements at all, and thus – as pled by Plaintiff – that claim subsumes every other conceivable theory of violation of Section 226(a). *See, for example,* Dkt. 194, Plaintiff's Trial Brief at 3:8-10 ("The failure to provide wage statements in a format specified by the statute is tantamount to not providing any wage statement at all."); Dkt. 245, Plaintiff's Opposition to Proposed Intervenor's Motion to Intervene at 20:5-7 ("Plaintiff's allegations were tantamount to not providing any wage statement at all which would demonstrate a violation of all the Section 226(a) subsections.") When a complaint is as sweeping as the FAC here, courts regularly approve settlements with broad release language, as long as the release is framed in terms of the complaint and its allegations. Thus a broad release "is acceptable because the claims released are limited to those based upon the facts set forth in the First Amended Complaint." *Thio,* 14 F. Supp. 3d at 1334 (collecting cases); see also *In re Volkswagen "Clean Diesel" Litig.,* 2017 WL 2212780, *11 (N.D. Cal. May 17, 2017) (approving release of "known and unknown" claims). Evaluating language much like the release here, the Northern District of California approved a settlement that released claims "arising out of or relating in any way to any of the legal, factual, or other allegations made in the Action, or any legal theories that could have been raised based on the

4

UNOPPOSED MOTION FOR RECONSIDERATION OF COURT'S MARCH 21, 2022 ORDER DENYING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

ACTIVE 63966085v7

allegations of the Action." *Custom Led, LLC v. eBay, Inc.,* No. 12-cv-00350, 2013 WL 6114379, at *6 (N.D. Cal. Nov. 20, 2013) (emphasis added).  As long as the release relates to the factual predicate of the complaint, it is permissible.

Cases disapproving settlement agreements make the same point.  They, too, focus on the scope of the complaint.  Thus, this Court recently rejected a proposed class settlement because the release "could capture claims that go beyond the scope of the allegations in the operative complaint." *Marshall v. Northrop Grumman Corp.,* 469 F. Supp. 3d 942, 949 (C.D. Cal. 2020).  And California courts apply the same rule.  In *Amaro,* for example, the court faulted a proposed release for extending to all claims "in any way relating to" the alleged facts or involving legal "theories pled" in the complaint.  2021 WL 4434970, at *12–13, 15.  Thus the *Amaro* settlement would have released unrelated claims (e.g., retaliation) based on the alleged wage-and-hour violation, and identical claims (e.g., Section 226) based on different years and different locations. *Id.*  In rejecting that release, the court looked to the underlying complaint and reasonable inferences drawn from the same—exactly the rule in *Hesse*.

None of these cases focus on the particular theory that the plaintiff presented to satisfy Rule 23.  They look instead to the terms of the complaint itself and regularly approve settlements anchored to that factual predicate.  In fact, Walmart is unaware of any case that rejected a release based on the complaint in favor of one tracking class certification.

To be sure, the paper wage statement theory played an important role in this case.  It was the basis for this Court certifying the class.  But it plays no special role in assessing the fairness and reasonableness of the Parties' settlement agreement.  In fact, the "paper wage statement" theory arguably typifies a claim that was "not presented" in the complaint but is still nevertheless reasonably related to the allegations and therefore eligible for inclusion in a class release. *Hesse*, 598 F.3d at 590.  It would be a curious outcome if the paper wage statement claim  could motivate a settlement, but that

5

UNOPPOSED MOTION FOR RECONSIDERATION OF COURT'S MARCH 21, 2022 ORDER
DENYING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

ACTIVE 63966085v7

settlement could not also reach the actual content of the Complaint or other claims based on the same factual predicate.

## IV. CONCLUSION

The Parties negotiated a settlement based on the FAC, with a release tailored to claims under Labor Section 226, which are broadly pled in the FAC. In doing so, the Parties relied on the rule that a release must track allegations in a complaint, not class certification. Walmart respectfully asks the Court to reconsider its denial of settlement approval, using the Complaint rather than class certification as the relevant benchmark. The Court should approve the Parties' long-negotiated settlement based on the allegations in the FAC and reasonable inferences drawn therefrom.

Respectfully submitted,

Dated: April 4, 2022         GREENBERG TRAURIG, LLP

By:   */s/ Robert J. Herrington*
      Robert J. Herrington

      Attorneys for Defendant
      Walmart Inc., f/k/a Wal-Mart Stores, Inc.