UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. EVANS, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:17-CV-07641-AB (KKx)<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND DENYING AS MOOT MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff James S. Evans' Renewed Motion for Preliminary Approval of Class Action Settlement, (*see* "Mot.," ECF No. 258), and Defendant Walmart Inc. f/k/a Wal-Mart Stores, Inc.'s Motion for Reconsideration of the Court's Order Denying Preliminary Approval of Class Action Settlement, (*see* ECF No. 255). Plaintiff does not oppose Defendant's Motion for Reconsideration, and Defendant does not oppose Plaintiff's Renewed Motion for Preliminary Approval. After reading and considering the arguments presented by the parties, the Court finds these matters appropriate for resolution without further hearings. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons stated below, the Court **GRANTS** the Renewed Motion for Preliminary Approval and **DENIES as moot** the Motion for Reconsideration.

1.

## I. INTRODUCTION

The Court has previously detailed the factual and procedural background of this matter in its orders. For purposes of this Renewed Motion, the Court will summarize the relevant facts only.

### A. Factual Background and Procedural History

On September 13, 2017, Plaintiff filed the instant putative class action in the Superior Court of the State of California for the County of Los Angeles asserting: (1) failure to provide hourly wages in violation of California Labor Code §§ 223, 510, 1194, 1197, 1997.1, and 1198; (2) failure to pay vacation or holiday pay in violation of Labor Code § 227.3; (3) failure to provide accurate written wage statements in violation of Labor Code § 226; (4) failure to timely pay all final wages in violation of Labor Code §§ 201-203; and (5) unfair competition in violation of Business and Professions Code §§ 17200, *et seq.* (*See* Declaration of Shaun Setareh ("Setareh Decl.") ¶ 4, ECF No. 258-1; *see also* Compl., ECF No. 1-1.)

On October 18, 2017, Defendant removed the action to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA"). (*See* Setareh Decl. ¶ 5; *see also* Notice of Removal, ECF No. 1.)

On November 20, 2017, Plaintiff filed the First Amended Complaint, the operative complaint, which added Keineisha Smith[1] as a class representative and asserted the following additional causes of action: (1) failure to provide meal periods in violation of Labor Code §§ 204, 223 226.7, 512, 1198; (2) failure to provide rest periods in violation of Labor Code §§ 204, 223, 226.7, and 1198; and (3) civil penalties under the Private Attorneys General Act of 2004 ("PAGA"). (*See* Setareh Decl. ¶ 6; *see also* First Am. Compl., ECF No. 12.)

Thereafter, Plaintiff filed a motion for class certification. (*See* Mot. for Class

---

[1] On November 14, 2019, the parties stipulated to dismiss Ms. Smith from this action without prejudice. (*See* ECF No. 92.)

2.

Certification, ECF No. 49.) On November 25, 2019, the Court certified the Wage Statement Class, which consisted of all persons employed as hourly-paid employees by Defendant in any store in California at any time during the period beginning one year before the filing of the action through the present. (*See* ECF No. 95.) The Wage Statement Class was "based on Defendant's purported failure to provide employees with the opportunity to receive paper wage statements." (*Id.*) The Court also certified the Regular Rate Class, however, the underlying causes of action for this class were dismissed on summary judgment in September 2020. (*See* ECF No. 181.)

On January 13, 2020, the Court subsequently ordered that the Notice Administrator provide notice to the members of the certified Wage Statement Class. (*See* ECF No. 101.) A total of 200,787 notices were mailed, and of the total notices mailed, 2,557 notices were returned, 29 notices were forwarded, and 127 opt-out requests were received. (*See* Setareh Decl. ¶ 14.)

Thereafter, at the eve of trial, Plaintiff and Defendant reached a non-reversionary settlement agreement through arms-length negotiations. (*See* Setareh Decl. ¶¶ 19-22.) The parties had commenced settlement discussions during a private mediation conducted by Michelle Yoshida of Philips ADR and continued these discussions until the morning of the Final Pre-Trial Conference on April 30, 2021 when the parties ultimately reached a Settlement Agreement. (*Id.*)

On September 3, 2021, Plaintiff filed his initial Motion for Preliminary Approval, and the Court heard oral argument on December 3, 2021.[2] (*See* ECF Nos. 252, 254.) On March 21, 2022, the Court issued its ruling denying the motion for preliminary approval on the grounds that the class action release in the Settlement Agreement did not comport with *Amaro v. Anaheim Arena Management, LLC*, 69 Cal.

---

[2] On October 15, 2021, Ana Anguiano-Tamayo filed a Motion to Intervene and Object to Approval of the Settlement. (*See* ECF No. 241.) The Court heard oral argument on December 3, 2021. (*See* ECF No. 254.) On March 18, 2022, the Court issued an order denying the Motion to Intervene. (*See* ECF No. 253.)

App. 5th 521 (2021). (*See* ECF No. 254.)

On April 4, 2022, Defendant filed an unopposed Motion for Reconsideration regarding the Court's March 21, 2022 Order. (*See* ECF No. 255.) On May 6, 2022, the Court heard oral argument regarding the unopposed Motion for Reconsideration, and thereafter issued an Order directing the parties to file a renewed Motion for Preliminary Approval no later than June 3, 2022. (*See* ECF Nos. 256, 257.)

On June 1, 2022, Plaintiff filed the instant Renewed Motion for Preliminary Approval, which included an Amended Settlement Agreement with a class release that is consistent with *Amaro*. (*See* Mot. at 1:13-16.)

### B. Amended Settlement Agreement

The parties agreed to settle the wage statement claim only on a class-wide basis for $35 million ($35,000,000.00). (*See* Setareh Decl. ¶ 24, Ex. 2[3] at ¶ 5.1.) The Amended Settlement Agreement defines the Settlement Class as "all Walmart Associates who worked in a non-exempt position at a Walmart Retail Location in California during the period of one year prior to the filing of Plaintiff's suit through preliminary approval of this matter" excluding Judge Birotte and any of his relatives.[4] (*Id.* at ¶ 2.34.) A Walmart Retail Location is defined as Defendant's stores, supercenters, and neighborhood markets. (*Id.* at ¶ 2.44.) The Amended Settlement Agreement defines Releasing Settlement Class Members as "the Settlement Class

---

[3] The Court cites to Exhibit 2 of Mr. Setareh's Declaration, which is the redline version of the Amended Settlement Agreement, because Exhibit 1 of Mr. Setareh's Declaration is the Settlement Agreement that does not include the redlines that are discussed in the Renewed Motion nor included in the Long Form Notice of Class Settlement. The Court will assume this was a clerical oversight by Plaintiff, but the parties must submit the signed, non-redline Amended Settlement Agreement with their Motion for Final Approval of Class Settlement.

[4] For purposes of this Preliminary Approval Order, the Court adopts and incorporates by reference the definitions in the Amended Settlement Agreement, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as ascribed to them in the Amended Settlement Agreement. All time periods set forth in the Preliminary Approval Order will be computed in calendar days and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure, unless otherwise explicitly specified.

Representative and all Settlement Class Members, other than those who submit timely and valid Requests to Opt Out." (*Id.* at ¶ 2.30.)

Section 12.1 of the Amended Settlement Agreement states that the Releasing Settlement Class Members agree to a release the following claims against Defendant in exchange for the benefits enumerated in the Amended Settlement Agreement:

> Subject to final approval by the Court of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Releasing Settlement Class Members do hereby irrevocably release, acquit, and forever discharge all of the Releasees of and from any and all actual or potential claims, rights, demands, charges, complaints, causes of action, obligations, damages, penalties, debts, costs and expenses (other than those payments, costs, and expenses required to be paid pursuant to this Agreement), liens, or liabilities of any and every kind, that reasonably arise out of the same set of operative facts plead in the Complaint or First Amended Complaint in the Lawsuit, with respect to claims that Walmart violated Section 226 of the Labor Code, whether known or unknown, whether such allegations were or could have been based on common law or equity, or on any statute, rule, regulation, order, or law, whether federal, state, or local and whether for damages, wages, penalties or injunctive or any other kind of relief ("the Released Claims").

(*Id.* at ¶ 12.1.)

The $35 million settlement is based upon approximately 25% of the total potential recovery of the wage statement claim (i.e., $554,676,800[5]) after Plaintiff applied two 50% discounts. (*See* Mot. at 31:10-14; *see also* Setareh Decl. ¶¶ 39-42.) The 50% discounts were applied because of several risks that are inherent in the continued litigation of this matter. (*Id.*)

The settlement amount for each Settlement Class Member is calculated based on the total number of pay periods each Settlement Class Member worked during the

---

[5] This is an extrapolation based on the data previously provided adjusting for an increase in the class size to 265,000. (*See* Mot. at 3:27-28.)

5.

class period. (*See* Mot. at 16:16-26.) However, if a Settlement Class Member's wage statements were always furnished as a detachable part of a paper check, their settlement amounts will be proportionally lower than the settlement amounts for Settlement Class Members who did not receive all of their wage statements as a detachable part of a paper check. (*Id.* at 11:27-12:3.) The average Settlement Share is estimated to be $83.61 before taxes. (*See* Setareh Decl. ¶ 44.) The amount paid to each Settlement Class Member will be allocated entirely as penalties, and no withholdings will be made. (*See id.* at ¶ 24.)

In addition, $500,000.00 of the Class Settlement Amount will be allocated for the civil penalties under PAGA, with 75% of that amount (i.e., $375,000.00) being paid to the Labor and Workforce Development Agency, and the remaining 25% (i.e., $125,000.00) being included as part of the Net Settlement Amount for distribution to the Settlement Class Members. (*See* Setareh Decl. ¶ 24, Ex. 2 at ¶ 5.2.4.)

Pursuant to the Amended Settlement Agreement, settlement checks that are uncashed after ninety (90) days from the date the check is mailed and after the Settlement Administrator sends a reminder postcard to the Settlement Class Member will be paid to State of California Unclaimed Property Fund in the name of the Settlement Class Member. (*See id.* at ¶ 24, Ex. 2 at ¶¶ 10.3-10.4.) None of the Class Settlement Amount will revert to Defendant. (*See* Mot. at 32:15-16.)

Plaintiff requests a $20,000.00 Service Payment to be paid out of the Class Settlement Amount for the approximately 75 hours spent in connection with this case. (*See* Declaration of James S. Evans ("Evans Decl.), ¶¶ 7-8, ECF No. 258.) Class Counsel intends to seek up to one-third of the Settlement Fund (i.e., $11,666,666.66) in attorneys' fees, and a reimbursement of $250,000.00 for out-of-pocket costs incurred in the action. (*See* Setareh Decl. ¶ 30.) The estimated amount of costs for the settlement and notice administration are approximately $535,475.00. (*Id.* at ¶ 36.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 23 requires that class action

settlements satisfy two primary prerequisites before a court may grant preliminary approval: (1) that the settlement class meets the requirements for class certification if it has not yet been certified; and (2) that the proposed settlement is "fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020, 1026 (9th Cir. 1988), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *see* Fed. R. Civ. P. 23(a), (e)(2).

As a threshold for class certification, the proposed class must satisfy four prerequisites under Rule 23(a). First, the class must be so numerous that joinder of all members individually is impracticable. Fed. R. Civ. P. 23(a)(1). Second, there must be questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). Third, the claims or defenses of the class representative must be typical of the claims or defenses of the class as a whole. Fed. R. Civ. P. 23(a)(3). Finally, the proposed class representatives and proposed class counsel must be able to protect the interests of all members of the class fairly and adequately. Fed. R. Civ. P. 23(a)(4).

If all four prerequisites of Rule 23(a) are satisfied, a court must then determine whether to certify the class under one of the three subsections of Rule 23(b). Under Rule 23(b), the proposed class must establish that: (1) there is a risk of substantial prejudice from separate actions; (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) common questions of law or fact predominate such that a class action is superior to other methods available for adjudicating the controversy at issue. Fed. R. Civ. P. 23(b).

In analyzing whether the proposed class meets the requirements for certification, a court must take the substantive allegations of the complaint as true and may consider extrinsic evidence submitted by the parties. *See Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

Finally, upon a finding that the requirements of Rule 23(a) and 23(b) are satisfied, the Court must ensure that the proposed settlement is "fair, reasonable, and

adequate" under Rule 23(e).  Fed. R. Civ. P. 23(e)(2).  The Ninth Circuit has provided a non-exhaustive list of fairness factors.  *See Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982).  Courts evaluate the settlement as a whole, rather than its individual parts, to determine its overall fairness.  *Id.*  Courts must also consider the adequacy of the proposed settlement notice.  *Id.* at 1025; *see also* Fed. R. Civ. P. 23(e).

### III. DISCUSSION

#### A. Class Certification

On November 25, 2019, the Court certified the Wage Statement Class in the instant matter pursuant to Rule 23(a) and (b).  (*See* ECF No. 95.)  Thereafter, the Court denied Defendant's Motion for Decertification on September 14, 2020.  (*See* ECF No. 182.)  Accordingly, because the certified Wage Statement Class has not changed, the Court reconfirms its order certifying the Wage Statement Class.  *See e.g.*, *Harris v. Vector Marketing*, No. C–08–5198, 2012 WL 381202 at *3 (N.D. Cal. Feb. 6, 2012) ("As a preliminary matter, the Court notes that it previously certified . . . a Rule 23(b)(3) class . . . [and thus] need not analyze whether the requirements for certification have been met and may focus instead on whether the proposed settlement is fair, adequate, and reasonable."); *In re Apollo Group Inc. Securities Litigation*, Nos. CV 04–2147–PHX–JAT, CV 04–2204–PHX–JAT, CV 04–2334–PHX–JAT, 2012 WL 1378677 at *4 (D. Ariz. Apr. 20, 2012).

#### B. Fairness of Settlement Agreement

For preliminary approval of a class settlement, the Court determines whether the proposed settlement is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  To determine whether a settlement agreement meets the above standards, a district court may consider some, or all, of the following factors:
> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial;

8.

> (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see Officers for Just.*, 688 F.2d at 625 (noting that the list of factors is "by no means an exhaustive list of relevant considerations").

It appears to the Court on a preliminary basis that the Amended Settlement Agreement is fair, adequate, and reasonable when considering that it provides Class Members with a definite recovery and is in proportion to the strengths and challenges associated with (1) achieving and maintaining certification on the claims, and (2) establishing liability for all claims. Specifically, the Court recognizes the significant value of the monetary recovery provided to Class Members and finds that such recovery is fair, adequate, and reasonable when balanced against further litigation related to liability and damages issues.

It further appears to the Court at this time that: (1) extensive and costly investigation, formal and informal discovery, research and litigation have been conducted such that Class Counsel and Defense Counsel are able to reasonably evaluate their respective positions; (2) the Amended Settlement Agreement will avoid substantial additional costs by all parties, and avoid the risks and delay inherent to further prosecution of this action; (3) the Amended Settlement Agreement has been reached as the result of intensive, serious and non-collusive, arms-length negotiations, which commenced during a private mediation conducted by Michelle Yoshida of Philips ADR and continued until the morning of the Final Pre-Trial Conference on April 30, 2021. (*See* Mot. at 10:6-9; 10:25-11:3.) The Court observes that the Amended Settlement Agreement was reached after considerable investigation—including the depositions of Plaintiff, Defendant's Person Most Knowledge, and the

parties' retained experts, as well as the analysis of Defendant's employment policies, time-keeping policies, and payroll records. (*See* Mot. at 3:13-4:23; 7:13-8:10.) Accordingly, the Amended Settlement Agreement reflects the strengths and vulnerabilities of Plaintiff's case, the risks of class certification, and the risks of proceeding on the merits of the claims. When taking these risks into account, at this juncture, the Court finds that the Amended Settlement Agreement is in the best interests of the Class.

Accordingly, the Court finds on a preliminary basis that the Amended Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. Under the Amended Settlement Agreement, Defendant will pay $35,000,000.00 to fully and finally settle this matter. This total settlement payment of $35,000,000.00 is non-reversionary and this amount falls within the range of similar settlements. As such, the Court **GRANTS** Plaintiff's Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement pursuant to Rule 23(e). The Court has broad discretion to grant preliminary approval of class action settlement under the circumstances here, where it is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1101, 1026 (9th Cir. 1998).

Should, for whatever reason, the Amended Settlement Agreement not become final, the Amended Settlement Agreement shall be deemed null and void, and the parties to the Amended Settlement Agreement shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of the Amended Settlement Agreement.

For settlement purposes only, and pursuant to Rule 23(g), the Court hereby appoints: (1) Plaintiff James S. Evans as the Class Representative; (2) Shaun Setareh and William M. Pao of Setareh Law Group and Stanley D. Saltzman of Marlin & Saltzman LLP as Class Counsel; and (3) the Phoenix Settlement Administrator as the Settlement Administrator to administer the settlement of this matter, as more

specifically set forth in the Amended Settlement Agreement.

The Court approves, as to form and content, the proposed Postcard Notice of Class Action Settlement (attached as **Exhibit A** to the Declaration of Class Counsel) and, the Long Form Notice of Class Action Settlement (attached as **Exhibit B** to the Declaration of Class Counsel) (collectively referred to as the "Notices of Class Action Settlement").

The Court finds that the Notices of Class Action Settlement fairly and adequately advise Class Members of the terms of the Amended Settlement Agreement and the benefits available to Class Members thereunder. The Court further finds that the Notices of Class Action Settlement advise of the pendency of the Action, of the Amended Settlement Agreement, of Class Members' right to receive their share of the Settlement, of the scope and effect of the Amended Settlement Agreement's Released Claims, of Class Members' rights and obligations relating to the prospective relief provided through the Settlement, of the preliminary Court approval of the proposed Settlement, of the exclusion and objection timing and procedures, of the date of the Final Approval Hearing, and of the right to file documentation in opposition to the Settlement Agreement and to appear in connection with the Final Approval Hearing. Thus, the Court finds that the Notices of Class Action Settlement clearly comport with all constitutional requirements, including those of due process, and the requirements of Rule 23(c)(2). The Court further finds that the mailing of the Postcard Notice of Class Action Settlement to the last known address of Class Members and the publishing of the Long Form Notice of Class Action Settlement on a website (the "Settlement Website") dedicated to the administration of the Settlement identified in the Postcard Notice, as specifically described within the Amended Settlement Agreement, with measures taken for verification of addresses, as set forth therein, constitutes an effective method of notifying Class Members of their rights with respect to the Action and this Amended Settlement Agreement.

Within **thirty (30)** calendar days after the entry of this Preliminary Approval

11.

Order, Defendant will provide (at no cost to the Settlement Fund, Settlement Class Counsel, or the Settlement Administrator) to the Settlement Administrator the Settlement Class List in electronic form or such other form as is reasonably available to Defendant.

No later than **twenty (20)** days of receipt of the Settlement Class List, the Settlement Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto as Exhibit A, to be mailed by first-class mail, postage pre-paid, to all members of the Settlement Class at the address of each such person as set forth in the records maintained by Defendant, or who otherwise can be identified through reasonable effort.

No later than the date on which the Postcard Notice is mailed to all members of the Settlement Class, the Long Form Notice, substantially in the form annexed hereto as Exhibit B, shall be published on the Settlement Website.  The Amended Settlement Agreement, this Order, and all other pertinent information and documents shall also be placed on the Settlement Website.  In addition, a toll-free telephone number, email and physical mailing address will be made available for Settlement Class Members to contact the Settlement Administrator or Class Counsel directly.

Settlement Class Members have **forty-five (45)** days from the date of the Postcard Notice of Class Action Settlement being mailed to file an objection to the Settlement Agreement.  To object, a Settlement Class Member must send to the Settlement Administrator a written objection, which is signed and dated, that includes the following:  (1) an indication that they wish to object to the Settlement (or similar language); (2) the basis for the objection; (3) the Settlement Class Member's name, address, the location and dates of their employment with Defendant; (4) and notice of any intent to appear at the Final Approval Hearing.  The written objection must be postmarked or otherwise received by the Settlement Administrator on or before the deadline.

Furthermore, Settlement Class Members have **forty-five (45)** days from the

date of the Postcard Notice of Class Action Settlement being mailed to opt out or be excluded from the Settlement. To opt out, a Settlement Class Member must submit a written request, which is signed and dated, to the Settlement Administrator stating that they wish to be excluded from the Settlement (or similar language) and contain the Settlement Class Member's name, address, and the location and dates of their employment with Defendant.

The Final Approval Hearing shall be held on **December 2, 2022 at 10:00 a.m.**, in the United States District Court, Central District of California, Courtroom 7B, located at 350 W. 1st Street, Los Angeles, California, 90012, to consider the fairness, adequacy, and reasonableness of the Amended Settlement Agreement and Class Counsel's requests for: (a) PAGA penalties; (b) Class Representatives' Enhancement Payments; (c) the Class Counsel Fees Award; (d) the reimbursement of Litigation Expenses; and (e) Settlement Administrator Costs. All briefs and materials in support of the Final Approval Order and the Motion for Class Representative Payments and Class Counsel Fees and Expenses shall be filed with this Court **thirty-five (35)** days before the Final Approval Hearing.

Pending further orders of this Court, all proceedings in this matter, except those contemplated in this Preliminary Approval Order and in the Amended Settlement Agreement, are hereby **STAYED**. To the extent permitted by law, pending final determination as to whether the Amended Settlement Agreement should be approved, the Court hereby **ORDERS** that the Class Representative and all Class Members, whether directly, representatively, or in any other capacity, shall not prosecute any claims or actions against Releasees that would be released by the Released Claims if final approval of the Amended Settlement Agreement is granted.

The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time to time without further notice to Class Members.

This Order, which conditionally certifies a class action for settlement purposes only, shall not be cited in this or any matter for the purpose of seeking class

certification, opposing decertification, or for any other purpose, other than enforcing the terms of the Amended Settlement Agreement.

If the Court grants Final Approval, each Settlement Class Member and their successors shall conclusively be deemed to have released the Released Claims as set forth in the Amended Settlement Agreement and Notices of Class Action Settlement, against Releasees (as defined in the Amended Settlement Agreement), and all such Settlement Class Members and their successors shall be permanently enjoined and forever barred from asserting any Released Claims against Releasees.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that:

1. The Unopposed Renewed Motion for Preliminary Approval of Class Settlement is **GRANTED**.

2. The Court **APPROVES** the establishment of the Qualified Settlement Fund in accordance with the terms of the Amended Settlement Agreement.

3. A Final Approval Hearing will be held on **December 2, 2022 at 10:00 a.m.**, in the United States District Court, Central District of California, Courtroom 7B, located at 350 W. 1st Street, Los Angeles, California, 90012.

4. Any member of the Settlement Class may appear at the Final Approval Hearing and show cause why the proposed settlement as embodied in the Settlement should or should not be approved as fair, reasonable, adequate, and in the best interests of the Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the distribution of the settlement fund or to the application of Settlement Class Counsel for Attorneys' Fees and reimbursement of Litigation Expenses. However, no Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the

distribution of the settlement fund or the application by Settlement Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, unless that Settlement Class Member has served written objections, by hand, first-class mail postage pre-paid or electronic mail no later than the deadline for objections as set forth in the Notices of Class Action Settlement.

5. Defendant's Motion for Reconsideration is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: June 30, 2022

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

15.