# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES S. EVANS, on behalf of himself, all others similarly situated,<br><br>       *Plaintiff*,<br><br>    vs.<br><br>WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>       *Defendants*. | Case No. 2:17-cv-07641-AB-KK<br><br>Hon. Andre Birotté, Jr.<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PLAINTIFF JAMES S. EVANS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT** |

# <u>ORDER</u>

On December 2, 2022, a hearing was held on the motion of Plaintiff James S. Evans ("Plaintiff") for final approval of the class action settlement (the "Settlement") between Plaintiff and Defendant Wal-Mart Stores, Inc. ("Walmart").

The parties have submitted the Settlement, which this Court preliminarily approved by its order entered on June 30, 2022, (*See* Dkt. No. 261). In accordance with the Preliminary Approval Order, Settlement Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the parties, and the evidence and argument received by the Court at the hearing before it entered the Preliminary Approval Order and at the final approval hearing on December 2, 2022, the Court now GRANTS final approval of the Settlement, and HEREBY ORDERS, ADJUDGES and DECREES as follows:

1.      Pursuant to the Preliminary Approval Order, the Notice of Proposed Class Action Settlement was sent to each Settlement Class Member by first-class mail. The Court finds and determines that this notice procedure fully satisfied the provisions of Fed. R. Civ. P. 23 and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Settlement Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

2.      The Court finds and determines that the Settlement Class, as conditionally certified by the Preliminary Approval Order, meets all of the legal requirements for class certification for settlement purposes only under F.R.C.P 23(a) and 23(b)(3) and it is hereby ordered that the class is finally certified for settlement purposes only.

ORDER GRANTING PLAINTIFF JAMES S. EVANS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT

3.     The Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the Settlement Class and to each Settlement Class Member, and that the Settlement Class Members who did not timely submit valid Requests for Exclusion in accordance with the Settlement Agreement and the Preliminary Approval Order will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

4.     Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

5.     The parties are hereby ordered to comply with the terms of the Settlement.

6.     The Court hereby enters final judgment in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement filed on June 30, 2022, and this Order.

7.     The Court finds that, as of the date of this Order, in consideration of the Class Settlement Amount provided for under the Agreement, and for other good and valuable consideration, each of the Releasing Settlement Class Members shall, by operation of this Order, have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties in accordance with Section 12 of the Agreement the terms of which are incorporated herein by reference, shall have covenanted not to sue Walmart with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Released Claims against the Released Parties.  The Court further finds that the Settlement Class Representative has released his individual claims in accordance with Section 12 of the Agreement.

///

///

8.      This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58 of the Federal Rules of Civil Procedure.

9.      The Court directs the parties to effectuate the Settlement terms as set forth in the Settlement Agreement and the Settlement Administrator to calculate and pay the claims of the Settlement Class Members from the Net Settlement Amount in accordance with the terms set forth in the Settlement Agreement.

10.      The Parties will bear their own costs and attorneys' fees except as provided in the Settlement.

11.      The Court finds that Plaintiff's request for **$11,666,666.66** in fees (one-third of the Settlement Amount) and **$158,765.80** in costs is reasonable.  Therefore, the Court orders this amount be paid to Settlement Class Counsel from the Class Settlement Amount.

12.       The Settlement Administrator is awarded **$535,475.00** to be paid from the Class Settlement Amount (which Walmart has already paid to the Settlement Administrator).

13.      The Court finds that the requested Settlement Class Representative Award of **$20,000.00** is reasonable and orders that it be paid from the Class Settlement Amount.


IT IS SO ORDERED.


DATE: December 06, 2022

_____
HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE